UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS WILLIAMS,                               )<br>                                                             )<br>              Petitioner,                            )<br>                                                             )<br>         v.                                               )       No. 1:20-cv-02241-SEB-MPB<br>                                                             )<br>WENDY KNIGHT,                                 )<br>                                                             )<br>              Respondent.                          )  | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Thomas Williams' petition for a writ of habeas corpus challenges his disciplinary conviction in prison disciplinary case CIC 20-05-0184. For the reasons explained in this Entry, Mr. Williams' petition is **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On May 20, 2020, Indiana Department of Correction (IDOC) Officer Andrews wrote a

Report of Conduct charging Mr. Williams with a violation of code A-106, possession of dangerous contraband:

> On 5/20/2020 at approximately 8:45 AM, while conducting a search of the cell assigned to offender Williams, Thomas #264841 28B-4D, I officer E. Andrews # 118 found a plastic knife with 2 razor blades attached with thread. The weapon was found in offender William's assigned mattress, where I observed him sleeping when the cell search was announced.

Dkt. 7-1. A confiscation form and evidence record were completed, and a photograph was taken of the prohibited property. Dkt. 7-2; dkt. 7-3; dkt. 7-4.

Mr. Williams received notice of the charge on May 27, 2020. Dkt. 7-5. He pled not guilty, requested three officers as witnesses, and requested video to show if anyone went into his cell other than he and his cellmate. *Id.* Mr. Williams asked Officer E. Boner if the search was a random shake down, and he confirmed it was. Dkt. 7-10. He asked the other officers about the date of the shake down and what was found. Officer Oliver responded that he thought the date was May 4, 2020, he did not recall confiscating anything from the cell location, but that he did "recall seeing a large collection of razors and advised [his] fellow staff to watch for razors and sharp edges in that cell." *Id.* Sgt. Flores responded that he did not shake down the cell. *Id.* On June 22, 2020, the video Mr. Williams requested was reviewed and "Sgt. R. Schildmeier did see that an unidentified Offender did come out of cell 5-2D and entered cell 28-4D at 2:45:26 am." Dkt. 7-9. The Court has reviewed the video, filed *ex parte* at docket 11, and finds that it accurately depicts the reviewing officer's summary.

Mr. Williams' disciplinary hearing was postponed due to COVID-19 precautions and was later held on June 26, 2020. Dkt. 7-7; dkt. 7-8. Mr. Williams stated that he "had no knowledge of the item being there" and that he did not "need a weapon." Dkt. 7-8. The disciplinary hearing officer (DHO) considered the conduct report, Mr. Williams' statement, and the video. *Id.* The DHO

reasoned that "[t]he weapon was found in his mattress, and the video only shows room visiting having no baring on where the weapon was and that location puts it in possession of offender Williams." *Id.* (sic). The DHO found Mr. Williams guilty and sanctioned him to a deprivation of earned credit time and demoted him in credit earning class. *Id.*

Mr. Williams' appeals to the Facility Head and IDOC Final Reviewing Authority were unsuccessful. Dkt. 7-11; dkt. 7-12. He then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.

### C. Analysis

Mr. Williams raises three grounds in his petition: (1) there was insufficient evidence to support the charge; (2) he never received notice of postponements of his hearing; and (3) he did not receive 24-hours' notice of the hearing. *Id.* at 4-5.

#### 1. Sufficiency of Evidence

Mr. Williams argues that the photograph of the knife does not have his name or case number written on it, and that he was found guilty based upon video evidence that did not have anything to do with the incident. *Id.* at 3-4. The respondent argues that it is not required that an offender's name be on the photographic evidence and that even if the video was not relevant, Mr. Williams' charge was supported by "some evidence" relevant to the charge. Dkt. 7 at 10.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d

978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

Code A-106 prohibits the "[p]ossession or use of any explosive, ammunition, hazardous chemical . . . or dangerous or deadly weapon." Dkt. 7-13 at 2. Mr. Williams does not dispute that the prohibited property was a deadly weapon. Possession is defined in relevant part as, "in one's quarters" which includes an offender's cell, his housing area, and his bed or bedding materials. Dkt. 7-14 at 6. The conduct report alone provides "some evidence" that Mr. Williams' cell was subjected to a shake down search and that the plastic knife with razor blades was discovered under his mattress. Dkt. 7-1. In fact, the report indicates Mr. Williams was sleeping on the mattress at the time. *Id.* The disciplinary code explicitly presumes that the offender is responsible for prohibited property found within his cell or bedding—an offender's actual knowledge of the property is not required. Dkt. 7-14 at 6. The conduct report is further supported by the photographic evidence, confiscation form, and evidence record. Mr. Williams argument that his name and case number should be notated on the picture to show sufficient evidence of his charge is meritless. As discussed, there was evidence that explicitly identified Mr. Williams as the offender who possessed the weapon.

4

Mr. Williams' argument that the video was unrelated to the incident is also unfounded. The DHO considered the video Mr. Williams requested and determined that another offender visiting Mr. Williams' cell does not undermine the evidence that Mr. Williams possessed the item under his mattress. Dkt. 7-8. To the extent that Mr. Williams is asking the Court to accept his version of the incident—that another offender planted the item under his mattress—he is asking the Court to reweigh the evidence, something it cannot do.

Accordingly, because the "some evidence" threshold has been met, Mr. Williams is not entitled to habeas relief on this ground.

### 2. Notice of Postponement of Hearing

Mr. Williams argues that he was not given notice of the postponement of his hearing, specifically that he never received an appropriate State Form with the information. Dkt. 1 at 5. The postponement form in the record indicates that Mr. Williams was unable to sign it. Dkt. 7-7. However, the Court construes this argument as one that challenges prison policy, which is not a ground for habeas relief.

Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v.*

*McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

### 3. Notice of Hearing

Mr. Williams contends that he did not receive 24-hour advanced written notice of the hearing, but his argument is unpersuasive. Due process entitles an inmate to receive "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Id.* The notice must be issued at least 24 hours before the hearing "so that the inmate has an opportunity to prepare for the appearance before the CAB." *Shephard v. Duckworth*, 106 F.3d 403, 1997 WL 9774, at *2 (7th Cir. 1997).

Mr. Williams received more than 24-hours advanced written notice of the hearing. He was notified of the charge against him on May 27, 2020, and thus permitted to gather facts to prepare for his hearing which did not occur until a month later. Dkt. 7-5; dkt. 7-8. To the extent Mr. Williams argues that because he was not provided information that his hearing had been postponed, and therefore he was not provided with 24-hours advanced written notice of the hearing, this argument fails. A postponement of one's hearing only provides additional time to marshal a defense.

Mr. Williams' due process right of advance notice was not violated, and thus, he is not entitled to habeas relief on this ground.

### 4. New Arguments in Reply

Mr. Williams raises additional arguments in his reply that were not in his petition. Dkt. 12. For example, Mr. Williams argues that the witness statements from Officer Oliver and Sgt. Flores did not answer his correct set of questions, and that a confidential statement that would have shown the offender who visited his room was the person who planted the knife was never reviewed. *Id.* The Court need not address these arguments because new arguments may not be raised for the first time in a reply. *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Williams to the relief he seeks. Accordingly, Mr. Williams' petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:    6/14/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THOMAS WILLIAMS
264841
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov